FILED
United States Court of Appeals
Tenth Circuit

October 28, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

U.S. COMMODITY FUTURES
TRADING COMMISSION;
OKLAHOMA DEPARTMENT OF
SECURITIES ex rel. IRVING L.
FAUGHT,

       Plaintiffs-Appellees,

v.

KENNETH WAYNE LEE, an
individual; DARREN LEE, an
individual; SHEILA M. LEE, an
individual; DAVID A. LEE, an
individual,

       Defendants-Appellants,

and

PRESTIGE VENTURES CORP., a
Panamanian corporation;
FEDERATED MANAGEMENT
GROUP, INC., a Texas corporation;
SIMON YANG, an individual, a/k/a
Xiao Yang, a/k/a Simon Chen,

       Defendants,
_____

STEPHEN J. MORIARTY,

       Receiver.
_____

COMMODITY FUTURES TRADING
COMMISSION; OKLAHOMA

No. 10-6276
(D.C. No. 5:09-CV-01284-R)
(W.D. Okla.)

DEPARTMENT OF SECURITIES ex rel. IRVING L. FAUGHT,

Plaintiffs-Appellees,

v.

SIMON YANG, an individual, a/k/a Xiao Yang, a/k/a Simon Chen,

Defendant-Appellant,

and

PRESTIGE VENTURES CORP., a Panamanian corporation; FEDERATED MANAGEMENT GROUP, INC., a Texas corporation; KENNETH WAYNE LEE, an individual; DARREN LEE, an individual; SHEILA M. LEE, an individual; DAVID A. LEE, an individual,

Defendants.

_____

STEPHEN J. MORIARTY,

Receiver.

No. 10-6287
(D.C. No. 5:09-CV-01284-R)
(W.D. Okla.)

**ORDER AND JUDGMENT[*]**

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata,

(continued...)

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

This is a civil action brought by the United States Commodity Futures Trading Commission (CFTC) and the Oklahoma Department of Securities. The defendants named in the action included two individuals, Kenneth Lee and Simon Yang, and two corporate defendants that Mr. Lee operated (collectively referred to as "Prestige"). Also included as parties were Mr. Lee's wife, Sheila, and their two adult sons, David Lee and Darren Lee, who were named in the first amended complaint as "relief defendants" (and who, together with Kenneth Lee, we refer to herein as the "Lees").[1]

The Lees and Mr. Yang appeal pro se from the district court's orders adjudicating liability and granting relief in favor of the plaintiffs. Case No. 10-6276 is the Lees' appeal, and Case No. 10-6287 is Mr. Yang's. We have consolidated these appeals for purposes of disposition. We have jurisdiction, *see* 28 U.S.C. § 1291, and we affirm the challenged orders of the district court.

---

[*](...continued)
and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] A "relief defendant" (a.k.a. "nominal defendant") "is a person who can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation." *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991).

**BACKGROUND**

In their complaint, plaintiffs alleged that defendants operated a Ponzi scheme that bilked at least 140 investors out of millions of dollars, in violation of a number of provisions of the Commodity Exchange Act, 7 U.S.C. §§ 1-27f ("CEA"), and the Oklahoma Uniform Securities Act of 2004 ("OUSA"). The investors were primarily members of Oklahoma City's ethnic Chinese community. Plaintiffs also alleged that millions of dollars were funneled to the relief defendants from Prestige by Mr. Lee, in cash and in the form of houses, cars, and boats.

The corporate defendants never answered the amended complaint. Mr. Yang and the Lees answered and proceeded pro se.

The district court established a receivership and entered a statutory restraining order that, among other things, froze the assets of defendants, the relief defendants, and any persons in active concert with them. Plaintiffs subsequently moved for summary judgment against defendants and the relief defendants. The defendants did not oppose the motion. On October 27, 2010, the court entered a detailed order granting the summary judgment motion in all respects. The court found that defendants had violated a number of provisions of the CEA and the OUSA. The court also found that judgment against the relief defendants was proper, as they had received investor funds from Prestige to which they had no legitimate claim.

-4-

The court set the matter for a November 8, 2010, bench trial on damages and penalties. Darren Lee moved for a continuance based on plaintiffs' alleged failure to comply with discovery requests, but the court denied the motion on several grounds: he did not indicate he was going to file a motion to compel discovery; any such motion would be untimely because discovery had closed more than one month prior; and he did not state when, if ever, he anticipated being ready for trial.

Of the defendants and relief defendants, only Mr. Yang appeared, pro se, at the trial. On November 29, 2010, the court entered a detailed order ("Relief Order") regarding sums received by defendants from investors between 2003 and 2009. The court found that Prestige had received at least $10,656,921 from investors and returned $3,357,732 to them. The court also found that Prestige had received $469,507 from Mr. Yang and disbursed $133,500 to him; $17,108 from Mrs. Lee and disbursed $728,953 to her or for her benefit; $190 from David Lee and disbursed $574,464 to him or for his benefit; and $15,162 from Darren Lee and disbursed $654,101 to him or for his benefit. The court further found that two houses were purchased with investor funds received by Prestige and were Prestige assets. One of those houses was occupied by Mr. Lee and his wife and the other was Darren Lee's residence. The court also found that a boat registered to the two brothers was similarly purchased with investor funds.

Based on these findings, the court authorized the receiver to take possession of and sell the two houses and the boat, giving the Lees twenty days to vacate the houses. The court also entered a broad array of permanent injunctive orders prohibiting defendants from further dealings in commodity futures and transacting investment-related business in Oklahoma. The court further ordered defendants to pay over $5 million in restitution and a number of penalties, and ordered the relief defendants to disgorge large sums of cash.

Each of the Lees filed a substantively identical motion for reconsideration of the Relief Order on December 8, 2010. The Lees subsequently filed a notice of appeal from the district court's final judgment, which became this court's Case No. 10-6276. Yang filed a notice of appeal from the judgment, which became this court's Case No. 10-6287. The district court then denied the motions for reconsideration, ripening the previously-filed notices of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(i).

## STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We may affirm on any basis supported by the record, even though not relied on by the district court.

*McCarty v. Gilchrist*, 646 F.3d 1281, 1284-85 (10th Cir. 2011) (quotation, citations, and alteration omitted).[2] "In an appeal from a bench trial, we review the district court's factual findings for clear error and its legal conclusions de novo." *Keys Youth Svcs., Inc. v. City of Olathe, Kan.*, 248 F.3d 1267, 1274 (10th Cir. 2001). We review the district court's issuance of a permanent injunction for an abuse of discretion. *Southwest Stainless, L.P. v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009).

---

[2]     Plaintiffs contend that the Lees are barred from pursuing any issues involving the district court's interlocutory order of summary judgment, which adjudicated their liability but did not specify relief. Plaintiffs argue that the Lees appealed only from the Relief Order, but have failed to raise any issues on appeal relating to that order. The Lees' notice of appeal stated that they appealed "from the final Judgment in this action entered on November 29, 2010." R., Vol.1 at 1582. On November 29, 2010, the district court entered two documents:   the Relief Order adjudicating the issues concerning relief, and a separate judgment that simply stated "In accordance with the Court's order dated this same day, judgment is hereby entered in favor of the Plaintiffs." *Id.* at 1537. As we read the district court's separate judgment of November 29, 2010, it was intended as a final judgment in this case. And as we read the Lees' notice of appeal, it was intended to appeal from this final judgment.

"[A] notice of appeal which names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment." *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002). "[I]t is a general rule that all earlier interlocutory orders merge into final orders and judgments except when the final order is a dismissal for failure to prosecute." *Id.* (citing 16A Wright & Miller, Federal Practice & Procedure § 3949.4 (3d ed. 1999 & Supp. 2001)). Through an appeal of a final judgment, a party can obtain appellate review of both the final judgment and any interlocutory orders. We therefore have jurisdiction over the appellants' challenges, to the extent they attack both the summary judgment order and the Relief Order.

**DISPOSITION**

In No. 10-6276, the Lees present the following arguments: (1) the district court denied them due process throughout the adjudicatory process; (2) they were improperly deprived of adequate discovery; and (3) the district court lacked personal jurisdiction over them in Oklahoma.

In No. 10-6287, Mr. Yang presents the following arguments: (1) the district court's order of summary judgment is based on "false statements and twisted facts" presented by plaintiffs and ignores the defendants' evidence and facts, Aplt. Opening Br. at 3; (2) the investors' losses were due to a cash crunch and margin calls rather than the collapse of a Ponzi scheme as alleged by the plaintiffs; (3) the summary judgment order contains numerous misstatements; and (4) the district court should have granted Mr. Yang's motion for damages from the plaintiffs.

Having considered these issues and having reviewed the briefs, the record, and the applicable law in light of the applicable review standards, we AFFIRM the judgment of the district court for substantially the reasons stated in the district court's order of summary judgment dated October 27, 2010, and its Relief Order of November 29, 2010.

**CONCLUSION**

The judgment of the district court is AFFIRMED.  We GRANT the Lees'

motions to proceed *in forma pauperis*.  We GRANT in part and DENY in part

plaintiffs' motion to strike portions of the Lees' reply brief.  Specifically, we

GRANT the motion to the extent it seeks to strike exhibits D and F and the

portions of exhibit G to the Lees' reply brief that were not part of the district

court record, but DENY the remainder of the motion.

Entered for the Court

Bobby R. Baldock
Circuit Judge